## THE EAST RIVER BANK *vs.* HOYT and others.

The fact that an individual is a member of the board of directors, and of the discount board, of a bank, will not, in the absence of any special authority to act as the agent of the corporation, in a particular transaction respecting the discounting or renewal of a note, authorize him to make admissions or statements concerning such transaction, which will bind the bank. SUTHERLAND, J. dissented.

APPEAL from a judgment entered on the verdict of a jury. The action was on a promissory note, made by the defendants Anson B. and George Hoyt, dated June 22, 1861, by which the makers promised to pay to the order of Belding Hoyt $500 three months after date. The note was subsequently indorsed to, and discounted by, the plaintiffs. The defense was usury. The defendants alleged, in their answer, that the note in suit was made and delivered by the defendants Anson B. and George Hoyt, in part payment of the amount of a certain note for $1000 by them made, and then due, and held by said plaintiffs; that at the time of the delivery of said note in the complaint stated, the plaintiffs, as a condition of such renewal, and of such acceptance by them of said last mentioned note, in part payment of said over due note, stipulated and agreed with the said George and Anson B. Hoyt that they, said George and Anson B. Hoyt, should make their notes for the sum of $1500, which should be discounted by the plaintiffs; and should leave on deposit with said plaintiffs the sum of $500; and should also leave with them their

check, drawn on said plaintiffs, and payable when the last of the said notes for $1500 should become payable; that in accordance with said agreement said George and Anson B. Hoyt made their three certain promissory notes, in writing, one of which is the note set forth in the complaint, each for the sum of $500, and payable, one in three months from date, and the two others in four months from date; and having obtained, as a matter of accommodation, and without any consideration being paid therefor, the indorsements of the other of the defendants, Ackerman and Jennings, to two of said notes, to wit, one for three months, and the one in the complaint set out, delivered the same to the plaintiffs, who thereupon passed to the credit of the defendants Anson B. and George Hoyt the sum of $1500 on the books of the plaintiffs, and delivered to the defendants Anson B. and George Hoyt their over due note for $1000; and that the plaintiffs also received from said defendants Anson B. and George Hoyt their check, drawn on the plaintiffs for $500 and made payable when the last of said notes matured; and also received from said Anson B. and George Hoyt the sum of $33.48 in cash, which they paid to the plaintiffs at the time of such discounting; $5.94 of which was interest on the $1000 note up to the time of such discounting, and also ninety-one cents costs of protest thereon, and $7.47 of which was for interest on the three months' note, and $9.58 of which was for interest on the note in the complaint set forth, and $9.58 of which was for interest on the other of the four months' notes. That under said agreement the plaintiffs kept and retained out of the proceeds of said discounted notes the sum of $500; and held and so retained the same entirely, and without the control or use of the defendants, and the defendants never had the same or any part thereof; but that the plaintiffs wilfully, corruptly and usuriously, and with the intent and design to evade the statute in such case made and provided, took and received from the defendants Anson B. and George Hoyt, and those defendants paid the plaintiffs,

under and in pursuance of said corrupt, unlawful and usurious agreement, the sum of $26.63 interest on said sum of $1000 so paid to them; which was $9.58 over and above the legal interest thereon, for the time said money was loaned to them, and was at the rate of eight per cent and over per annum for the use and loan thereof. On the trial, the defendants offered evidence of transactions between them and J. W. Jennings, one of the directors of the plaintiffs' bank, and a member of the discount board, relative to the renewal of the old note and the giving of the one in suit, by producing a letter from Mr. Jennings to the defendants written at the time of the giving of the note sued on. The plaintiffs objected to any evidence of transactions between Jennings and the defendants, on the ground that it was not admissible against the bank. The objection was overruled, and the following letter signed J. W. Jennings, addressed to Hoyt & Brother, and dated July 3, 1861, was read in evidence:

"GENTS: The only way you can manage to have the thousand dollars (now under protest) renewed, is to get another note of $500, making in all $1500, discounted, and leaving the balance, $500, in bank till the $1000 is paid, then the note of $500 will be delivered up; you can leave your check. I conversed with the officers of the bank about the renewal, and this is the best they can do. Money is worth to them more than 7 per ct. You may make your own note for $500 and I will have it arranged."

"P. S.—The bank (at this time) don't discount to any parties unless they have money in bank—and my own deposit is too small to ask them to do it for me."

A. B. Hoyt, one of the defendants, testified: "I called on the bank in pursuance of this letter, and saw the president of the bank; he told me that money was worth more than seven per cent. He said if I would draw my check for five hundred dollars and leave it in the bank, that three notes for five hundred dollars each would be discounted for me. Of the proceeds of these three notes I was to have a thousand

dollars; five hundred was to be left in the bank, with my check for five hundred dollars, to take it up when it should become due. I paid thirty-three dollars interest for the use of the thousand dollars. The president required this to be done before he would let me have the discount."

The jury found a verdict in favor of the defendants, and from the judgment entered thereon the plaintiffs appealed.

*Banks & Anderson*, for the appellants.

*R. W. Van Pelt,* for the defendants.

CLERKE, J. Although Jennings was a member of the plaintiffs' corporation, and a director, his admissions or statements should not be received as evidence against them, unless such admissions or statements were made concerning some transaction in which he was their authorized agent. (3 *R. S.* 692, § 112, 5*th ed.*)

The sole question, therefore, in this case is, was Jennings the authorized agent of the plaintiffs concerning the discount of the notes in question? Because if he was not, his letter to Hoyt & Brother should not have been received at the trial. The only proof, then, to establish the usury, would be the evidence of the defendant Hoyt, which being contradicted by that of the president, Jenkins, it is possible and even probable that the jury would have credited the latter, and have found a verdict for the plaintiffs. Independently of his own assertion, contained in the letter referred to, the only evidence introduced at the trial to show that Jennings was the authorized agent of the plaintiffs concerning this transaction is, that he was a member of the board of directors and of the discount board. But the president repudiates the idea that he had any special authority in relation to this particular transaction, for he expressly says he did not communicate with Hoyt through any other person than Hoyt himself; and when we also consider that Jennings is not called by the

East River Bank *v.* Hoyt.

defendants to explain his letter, or to show the authority upon which he undertook to act in his communication with Hoyt, I think the letter was not admissible in evidence. If we are to deem Jennings' unsupported statements, as contained in that letter, to be binding on the bank, then, of course, any arrangements which any individual director, who was also a member of the discount board, may make will be conclusive, without showing that the subject was ever brought before the board, or ever alluded to at any of its sessions, or that that which is primarily only the joint action of the board, was delegated to such individual member of it. This would not only be seriously dangerous to the interests of the bank, but would be productive of great inconvenience and disorder in the management of its affairs. The directors would not only be imperilling its liabilities, but would be continually thwarting each other, and counteracting each other's plans and arrangements. If any one can make arrangements without common consultation, any other may make arrangements positively dissimilar, and, in the very same transaction one may revoke or alter the engagements of any or all of the others.

As I can find, therefore, no authority from the proper source allowing Jennings to act concerning this particular transaction, except the mere fact that he was a member of the board of directors and of the discount board, I think his letter should not have been received at the trial.

The judgment should be reversed, and a new trial ordered; costs to abide the event.

LEONARD, J. concurred.

SUTHERLAND, J. dissented.

New trial granted.

[NEW YORK GENERAL TERM, February 1, 1864. *Leonard, Clerke* and *Sutherland*, Justices.]